**AFFIRMED and Opinion Filed March 31, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-01210-CV**
_____

**IN THE INTEREST OF S.J., A CHILD**

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-21-0985-X**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Nowell

The Department of Family and Protective Services filed an original petition for the protection and conservatorship of S.J. and termination of appellant's parental rights. After trial, the jury found that appellant (1) abandoned and failed to support S.J.'s mother and (2) constructively abandoned S.J. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(H), (N). The jury further found termination of appellant's parental rights was in S.J.'s best interest. The trial court signed a termination decree based on the jury's findings, and appellant filed this appeal.

In a single issue, appellant argues the evidence was legally insufficient to support the finding that termination of his parental rights was in S.J.'s best interest. We affirm the trial court's order terminating his parental rights.

The underlying facts are known to the parties. Because they are not relevant for disposition of the appeal, we do not recite them here and issue this memorandum opinion. *See* TEX. R. APP. P. 47.1.

To present a legal sufficiency challenge on appeal, a party must preserve the argument. A legal sufficiency argument can be preserved by: (i) a motion for instructed verdict, (ii) a motion for judgment notwithstanding the verdict, (iii) an objection to a jury question's submission, (iv) a motion to disregard a jury's answer to a vital fact issue, or (v) a new trial motion. *See In re A.H.J.*, No. 05-15-00501-CV, 2015 WL 5866256, at *10 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.). We have reviewed the record, and we find no indication Father made any of these motions or objections. Accordingly, Father did not preserve a legal sufficiency challenge. *See In re K.D.S.P.*, No. 05-22-00456-CV, 2022 WL 17090187, at *3 (Tex. App.—Dallas Nov. 21, 2022, no pet.) (mem. op.) (applying ordinary preservation rules to legal sufficiency challenge in parental-termination case); *see also In re M.M.*, No. 05-19-00329-CV, 2019 WL 4302255, at *6 (Tex. App.—Dallas Sept. 11, 2019, pet. denied) (mem. op.) (same).

In view of Father's failure to preserve his legal sufficiency challenge, we are obliged to overrule Father's issue challenging whether it was in S.J.'s best interest to terminate his parental rights.  We affirm the trial court's order.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

221210F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.J., A CHILD

No. 05-22-01210-CV

On Appeal from the 305th Judicial District Court, Dallas County, Texas Trial Court Cause No. JC-21-0985-X. Opinion delivered by Justice Nowell. Justices Partida-Kipness and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee The Department of Family and Protective Services recover its costs of this appeal from appellant James Jackson.

Judgment entered March 31, 2023.